IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| **CURTIS E. CRAWFORD,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | )  Civil Action No. 5:06-0255 |
| | ) |
| **DANIEL J. METCALFE, Director,** | ) |
| **United States Department of Justice,** | ) |
| | ) |
| **Defendant.** | ) |

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court is Defendant's Motion for Summary Judgment. (Document No. 13.) By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 2.)

## FACTS AND PROCEDURE

On April 5, 2006, Plaintiff, then an inmate at F.C.I. Beckley,[1] filed a Motion for Judicial Review Pursuant to 5 U.S.C. § 552(a)(4)(B).[2] Plaintiff alleges that he requested and was wrongfully refused certain information pursuant to the Freedom of Information Act [FOIA] "relating to his

---

[1] By letter filed on July 14, 2006, Plaintiff advised the Court that he was anticipating release to a halfway house in August. (Document No. 7.) On August 29, 2006, Plaintiff notified the Court of his change of address to Washington, D.C. (Document No. 8.) On October 23, 2006, Plaintiff notified the Court of his further change of address in Washington, D.C. (Document No. 9.) The Bureau of Prisons' Inmate Locator indicates that Plaintiff was released from custody on September 29, 2006.

[2] Because Plaintiff is acting pro se, the documents which he has filed are held to a less stringent standard than if they were prepared by a lawyer and therefore construed liberally. See *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed. 652 (1972).

being arrested by the United States Marshal Service on March 25, 2005, and . . . a medical report from his treatment by a nurse . . . while in the custody of the United States Marshal Service." Specifically, Plaintiff indicates that he requested the following documents:

1. A copy of a nurse's medical report for the treatment of injuries from a beating by U.S. Marshals on March 25, 2005.

2. The names of U.S. Deputy Marshals who participated in his arrest.

3. The name of the U.S. Deputy Marshal who performed a strip search on him on March 25, 2005.

Plaintiff asserts that the information he requests is not exempt under the FOIA and is in the public domain, available and unclassified. Plaintiff requests the Court to review Defendant's denial of the requested information, overrule it and require Defendant to provide the information.[3]

On September 19, 2005, the United States Marshal Service Headquarters Office of General Counsel received a letter from Plaintiff requesting the above information. (Document No. 13-2, p. 2.) The United States Marshal Service [USMS] notified Plaintiff on September 27, 2005, that his request had been received and advised him that a search for responsive documents had commenced. (Id.) On December 12, 2005, the USMS disclosed to Plaintiff seven documents with minimal

---

[3] Plaintiff himself or with other inmates has initiated twelve civil actions in this Court including the instant matter since September 21, 2005: (1)*Crawford v. Felts*, 5:05-0744 (Section 2241 action now consolidated with 5:05-0815); (2)*Crawford v. Director, Federal Bureau of Prisons, et al.*, 5:05-0754 (alleged Eighth Amendment violation – deliberate indifference to his serious medical needs); (3) *Crawford v. Felts*, 5:05-0815; (4) *Crawford v. Felts, et al.*, 5:05-1143; (5) *Smith et al., v. Doe, et al.*, 5:06-0065; (6) *Baldwin, et al., v. Doe, et al.*, 5:06-0093 (alleged Eighth Amendment violation – deliberate indifference to his serious medical needs); (7) *Crawford v. Felts*, 5:06-0254 (Section 2241 action); (8) *Crawford v. Metcalfe*, 5:06-0255 (request for review of denial of information requested under FOIA); (9) *Crawford v. Sommerset County Probation, Sommerset, New Jersey*, 5:06-0269 (request for injunction against imposition of probation and fine in Sommerset County, New Jersey); (10) *Crawford v. Doe, et al.*, 5:06-0453 (alleged Eighth Amendment violation failure to protect); (11) *Crawford v. U.S. Parole Commission*, 5:06-0541(Section 2241 action)(; (12) *Crawford v. Doe, et al.*, 5:06-0560 (*Bivens* claim that defendants destroyed document which Plaintiff intended to file in Supreme Court in 2003).

deletions pursuant to Exemption 7(C) of the FOIA. (Id., p. 4.) Plaintiff filed an administrative appeal to the U.S. Department of Justice, Office of Information and Privacy, on December 15, 2005. (Id.) In the appeal, Plaintiff also requested a copy of Parole Officer William's report concerning guns at his residence. (Id.) On March 27, 2006, Ms. Janice G. Metcalfe, Senior Counsel for the U.S. Department of Justice, Office of Information and Privacy, affirmed the USMS's refusal to provide Plaintiff with the requested information. (Document No. 1 and 13-2.) Ms. Metcalfe wrote as follows:

> After carefully considering your appeal, I have decided to affirm the USMS's action on your request. The records you requested are exempt from the access provision of the Privacy Act of 1974 pursuant to 5 U.S.C. § 552a(j)(2). See 28 C.F.R. § 16.101(a) (2005). Because these records are not available to you under the Privacy Act, your request has been reviewed under the Freedom of Information Act in order to provide you the greatest possible access to them.
>
> The USMS properly withheld certain information from you that is protected from disclosure under the FOIA pursuant to 5 U.S.C. § 552(b)(7)(C). This provision concerns records or information compiled for law enforcement purposes, the release of which could reasonably be expected to constitute an unwarranted invasion of the personal privacy of third parties.
>
> In your appeal letter, you further request to be provided with a copy of a report stating that you had guns in your residence. Please be advised that you may not on appeal expand the scope of your initial request. Therefore, I can only suggest that you submit a new request to the USMS for the additional records that you seek.
>
> If you are dissatisfied with my action on your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(4)(B).

(Document No. 1, p. 5.)

On April 11, 2006, Plaintiff filed an Application to Proceed Without the Prepayment of Fees. (Document No. 4.) The undersigned granted the above Motion on February 20, 2007, stating that it was necessary to examine Plaintiff's request and Defendant's response to determine whether there was compliance under FOIA since it was not clear from the record what information, if any, was disclosed. (Document No. 10.)

On March 15, 2007, Defendant, by counsel, filed a Motion for Summary Judgment with Memorandum in Support.(Document Nos. 13 and 14.) Defendant requests the Court to enter an Order in his favor finding that Exemption 7(C) of the FOIA was properly applied to some of the documents requested by Plaintiff. Specifically, Defendant contends that Exemption 7(C) protects the identities of suspects and witnesses, persons mentioned in law enforcement files in such a way as to associate them with criminal activity, and the names of law enforcement officers who work on criminal investigations. (Document No. 14.) Furthermore, Defendant asserts that they have no records indicating that Plaintiff received medical care from the USMS.

On March 15, 2007, Notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to Plaintiff, advising him of his right to file a response to the Defendant's Motion for Summary Judgment. (Document No. 15.) The Court notes that Plaintiff failed to file a response to Defendant's Motion for Summary Judgment.

## **THE STANDARD**

**Summary Judgment**

FOIA cases are generally resolved on summary judgment. Wickwire Gavin, P.C. v. U.S. Postal Service, 356 F.3d 588, 591 (4th Cir. 2004). Summary judgment is appropriate under Federal Rule of Civil Procedure 56 when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Once the moving party demonstrates the lack of evidence to support the non-moving party's claims, the non-moving party must go beyond the pleadings and make a sufficient showing of facts presenting a genuine issue for trial. Celotex Corp. v. Catrett, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 - 87, 106 S.Ct.1348, 89 L.Ed.2d 538 (1986). All inferences must be drawn from the underlying facts in the light most favorable to the non-moving party. Matsushita, 475 U.S.

at 587, 106 S.Ct. at 1356. Summary judgment is required when a party fails to make a showing sufficient to establish an essential element of a claim, even if there are genuine factual issues proving other elements of the claim. Celotex, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Generally speaking, summary judgment will be granted unless a reasonable jury could return a verdict for the non-moving party on the evidence presented. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If no facts or inferences which can be drawn from the circumstances will support Plaintiff's claims, summary judgment is appropriate.

## DISCUSSION

Judicial review of an agency's denial of a FOIA request is de novo. 5 U.S.C. § 552(a)(4)(B). Any non-exempt portion of a record must be disclosed. 5 U.S.C. § 552(b). Subsection 552(b) sets forth nine exemptions to the disclosure requirement. See Wickwire Gavin, 356 F.3d at 591. An exemption, however, must be narrowly construed in favor of disclosure. J.P. Stevens Co. v. Perry, 710 F.2d 136 (4th Cir. 1983). The FOIA places the burden of justifying nondisclosure on the agency. See 5 U.S.C. § 552(a)(4)(B). Thus, the agency has the burden of demonstrating that any document withheld falls within a stated exemption. Id. The agency may satisfy its burden through the use of affidavits that are relatively detailed, nonconclusory, and submitted in good faith. Simmons v. U.S. Dept. of Justice, 796 F.2d 709, 711 (4th Cir. 1986). Specifically, the Fourth Circuit has stated:

> If the government fairly describes the contents of the material withheld and adequately states its grounds for nondisclosure, and if those grounds are reasonable and consistent with the applicable law, a district court should uphold the government's position. The Court is entitled to accept the credibility of the affidavits, so long as it has no reason to question the good faith of the agency.

Spannaus v. U.S. Dept. of Justice, 813 F.2d 1285, 1289 (4th Cir. 1987)(citing Barney v. IRS, 618 F.2d 1268, 1272 (8th Cir. 1980)).

Defendant claims that the declaration of William E. Bordley, Associate General Counsel and the FOIA Officer of the USMS, demonstrates the adequacy of USMS's search and proper nondisclosure. The search for Plaintiff's records was conducted by the USMS liaisons for the USMS Headquarters Witness Security and Prisoner Operations Divisions [WPD], Prisoner Medical Services section, and the U.S. Marshal's officer for the District of Columbia. (Document No. 13-2, p. 2.) "Records relating to federal prisoners in U.S. Marshal's custody are electronically indexed and maintained by the USMS system of records entitled Prisoner Processing and Population Management/Prisoner Tracking System [PPM/PTS] JUSTICE/USM-005, and/or the Warrant Information Network [WIN] system of records, JUSTICE/USM-007." (Id., pp. 2-3.) The USMS systems of records were searched for the information requested by Plaintiff. Mr. Bordley states that the search revealed the following:

> As a result of this search, seven pages of records pertaining to plaintiff were located by the U.S. Marshal's office in the District of Columbia. No records were found by the WPD, Prisoner Medical Services section. The records for the District of Columbia were located in the Prisoner Processing and Population Management/Prisoner Tracking System (PPM/PTS), JUSTICE/USM-005, and the Warrant Information Network (WIN), JUSTICE/USM-007, system of records. Included in the PPM/PTS is the 'Individual Custody and Detention Report' (USM 129); medical treatment provided by the USMS and received by individuals in USMS custody is reflected in the USM 129. The Plaintiff's USM 129 does not show that he received medical care from the USMS. Plaintiff's WIN report reveals that plaintiff was arrested by the Capital Area Task Force and transported to the U.S. District Court in the District of Columbia for processing; plaintiff was placed in the District of Columbia jail pending designation to a federal facility. The District of Columbia jail is responsible for non-emergency medical care for inmates in the facility.

(Id., p. 3.) The USMS provided Plaintiff with a copy of the seven documents on December 12, 2005. Mr. Bordley states that "five pages were released to plaintiff in their entirety; and two pages were released with minimal deletions." (Id., p. 6.) Specifically, the names of law enforcement officers

6

were deleted from the following documents:

> Item 1: Warrant Information Network printout, dated September 30, 2005. (The name of a law enforcement officer was deleted from this document.) One page.
>
> Item 2: Warrant Information Network printout, dated September 30, 2005. (The names of two law enforcement officers were deleted from this document.) One page.

(Id., pp. 5-6.) Mr. Bordley explains that Exemption 7(C) was properly applied to the above documents because (1) Plaintiff presented no legitimate public interest in disclosing the identities of law enforcement officers; (2) Protecting law enforcement officers' identities provides a legitimate public interest by promoting the efficient performance of official duties, and shields the law enforcement officers from unnecessary public attention, harassment, annoyance, and danger; and (3) Releasing the identifying information pertaining to law enforcement officers would not shed any light on the USMS's performance of its statutory duties. (Id., p. 5.)

      **(a)**      **Nondisclosure of U.S. Deputy Marshals' Identities:**

The undersigned will consider whether the USMS fairly describes the content of the material withheld and adequately states its grounds for nondisclosure, and whether those grounds are reasonable and consistent with the applicable law. The Court notes that Plaintiff failed to file a response to Defendant's Motion for Summary Judgment and the attached declaration of Mr. Bordley. Mr. Bordley's declaration attests to his personal knowledge of procedures used in handling FOIA request and his familiarity with the documents in question. Therefore, the undersigned finds that there is no reason to question the good faith of the USMS and accepts the credibility of Mr. Bordley's declaration.

First, the Court finds that the USMS fairly describes the content of the material withheld and adequately states the grounds of nondisclosure. Defendant acknowledges that the names of the

U.S. Deputy Marshals who arrested and strip searched Plaintiff were not disclosed. Specifically, Mr. Bordley's declaration states that the names of law enforcement officers were deleted from Items 1 and 2. (Document No. 13-2, p. 5.) Defendant references Exemption 7(C) as grounds for nondisclosure and states that disclosure of the U.S. Deputy Marshals' names "would constitute a clearly unwarranted invasion of personal privacy." (Id.)

Next, the Court considers whether Exemption 7(C) is appropriate grounds for nondisclosure of the identities of the U.S. Deputy Marshals. The FOIA exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy. . ." 5 U.S.C. § 552(b)(7)(C). "To meet exemption 7(C), the agency must first establish that a privacy interest exists, and if so, that interest must be balanced against the public interest of shedding light on agency's performance of its statutory duties." Kuffel v. U.S. Bureau of Prisons, 882 F. Supp. 1116, 1124 (D.D.C. 1995); see also Baldrige v. Shapiro, 455 U.S. 345, 352, 102 S.Ct. 1103, 1108, 71 L.Ed.2d 199 (1982)(stating that the FOIA expressly recognizes that "public disclosure is not always in the public interest...."). Federal courts recognize that the names of federal law enforcement officers are considered exempt from disclosure under Exemption 7(C) of the FOIA. See Anderson v. U.S. Marshals Service, 943 F. Supp. 37, 40 (D.D.C. 1996); Kuffel, 882 F. Supp. at 1123; McCoy v. United States, 2006 WL 2459075, * 6 (N.D.W.Va.). Courts reason that law enforcement officers "have privacy rights which must be respected, so as not to subject them to annoyance or harassment." Anderson, 943 F. Supp. at 40. The undersigned therefore finds that Exemption 7 (C) is appropriate grounds for nondisclosure because the U.S. Deputy Marshals have an established privacy interest in their identities which is not outweighed by the public interest

of shedding light on the agency's performance of its statutory duties. Based on the forgoing, the Court finds that the District Court should uphold the USMS's position because (1) the agency fairly describes the contents of the material withheld and adequately states its grounds for nondisclosure, and (2) those grounds are reasonable and consistent with the applicable law.

**(b)** **Copy of Plaintiff's Medical Records:**

Plaintiff's Complaint further alleges that the USMS is in possession of his treatment records or medical reports concerning injuries Plaintiff allegedly sustained during his arrest on March 25, 2005. Defendant claims that the medical reports were not provided because such records were not discovered as a result of their search. The agency "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. Dept. of the Army, 920 F.2d 57, 68 (D.C. Cir. 1990). In considering the adequacy of the search, "the relevant question is not whether every single potentially responsive document has been unearthed . . . but whether the agency has demonstrated that it has conducted a 'search reasonably calculated to uncover all relevant document.'" Ethyl Corp. v. U.S. EPA, 25 F.3d 1241, 1247 (4th Cir. 1994)(quoting Weisberg v. U.S. Dept. of Justice, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). Further, a requester's "[m]ere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." Steinberg v. United States Dept. of Justice, 23 F.3d 548, 552 (D.C. Cir. 1994).

The USMS keeps records on federal prisoners in their custody, which are electronically indexed and maintained in USMS's systems of records entitled PPM/PTS and WIN. Decentralized segments of these two systems are located in each of the 94 USMS district offices and consist of

computerized databases and manual file records corresponding to the electronic indices. (Document No. 13-2, p. 3.) Mr. Bordley states that "these systems of records were searched using the plaintiffs's name, date of birth, social security number and prisoner registration number as identifiers" and no records were found in the Prisoner Medical Services section. (Id.) Specifically, Mr. Bordley maintains that "Plaintiff was placed in the District of Columbia jail pending designation to a federal facility" and "the District of Columbia jail was responsible for non-emergency medical care for inmates in the facility." (Id.) Accordingly, the undersigned finds that the USMS conducted a "search reasonably calculated to uncover all relevant documents," and thus satisfied their responsibilities under FOIA.

    **(c)**    **Conclusion:**

Viewing the evidence in a light most favorable to Plaintiff, the Court concludes that Defendant responded appropriately to Plaintiff's FOIA request. Pursuant to Exemption 7(C), the USMS properly redacted the identities of the U.S. Deputy Marshals from certain documents disclosed to Plaintiff. Further, the USMS conducted a good faith search and produced all responsive information that was not subject to an exemption. Plaintiff has failed to make a factual showing to create a genuine issue of material fact. Therefore, the undersigned finds that Defendant's Motion for Summary Judgment should be granted.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **GRANT** Defendant's Motion for Summary Judgment (Document No. 13.), **DISMISS** Plaintiff's Application for Judicial Review (Document No. 1.) and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have thirteen days from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

ENTER: February 7, 2008.

R. Clarke VanDervort
United States Magistrate Judge